**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID W. JOHNSON** | ) | **Civil Action No.** |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ERGON WEST VIRGINIA, INC.** | ) | **Electronically Filed** |
| | ) | |
| **Defendant.** | ) | |

<u>**COMPLAINT**</u>

<u>**NATURE OF THE ACTION, JURISDICTION AND VENUE**</u>

1.      **This is an individual action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), to correct unlawful employment practices and to make Plaintiff whole.**

2.      **Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the FLSA.**

3.      **Plaintiff is a citizen of Pennsylvania and resides in the Western District of Pennsylvania. Defendant maintains a continuous business presence in the Western District of Pennsylvania.  Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.**

4.      Plaintiff has also filed a Charge of Age Discrimination with the U.S. Equal Employment Opportunity Commission under the Age Discrimination in Employment Act, as amended (ADEA)(29 U.S.C. §621 et seq.), within the respective statutory periods (300 days / 180 days).  Plaintiff will be amending this Complaint once he has exhausted his administrative remedies (within 60 days of filing his ADEA charge).  No exhaustion is required under the FLSA.

## PARTIES

5.      Plaintiff David W. Johnson (hereinafter referred to as "Plaintiff" or "Johnson"), resides at 3013 SR 208, Harrisville, Venango County, PA 16038.  Plaintiff was employed by Defendant as a Project Engineer from in or about January 2001 until on or about February 21, 2014, when he was terminated.

6.      Defendant Ergon West Virginia, Inc., (hereinafter referred to as "Defendant" or "Ergon") is an oil refiner, is headquartered and maintains offices at 9995 Ohio River Boulevard, Newell, WV  26050, where Plaintiff worked, and maintains a continuous business presence in Western Pennsylvania.

7.      At all relevant times, Defendant has been subject to the FLSA.

## BACKGROUND AND STATEMENT OF CLAIMS

8.      Plaintiff was employed by Defendant from in or about January 2001 until on or about February 21, 2014, when he was terminated.

9.      Plaintiff's most recent job title was Project Engineer.

10.     Plaintiff was classified as an independent contractor by Defendant.

11.     Plaintiff was paid a flat hourly rate between $85.00 and $95.00 per hour (averaging out to $93.33 per hour over the past two years).

12.     In fact, Plaintiff was an employee of Defendant.

13.     Defendant classified Plaintiff as an independent contractor in order to avoid having to pay him overtime, and avoid the taxes and other expenses (like benefits) associated with employment.

14.     Plaintiff was under the control of Defendant in all material respects:

-       Defendant dictated when and where Plaintiff would work;

-       Defendant integrated Plaintiff into its work staff;

-       Defendant required Plaintiff to perform his work on Defendant's premises (Newell, WV);

-       Defendant dictated what jobs Plaintiff would work and for how long;

-       Defendant provided all of the tools and supplies for Plaintiff; and,

-       Defendant dictated how much Plaintiff could earn working for Defendant.

15.     Plaintiff performed no work for anyone else other than Defendant throughout the years with Defendant (2001 to 2014).

16.     Plaintiff performed all of his work for Defendant at Defendant's Newell, WV, facility.

17.     Plaintiff does not advertise.

18.     As discussed below, Plaintiff regularly worked for Defendant in excess of 40 hours in workweeks, but was paid no overtime.

19.     Plaintiff's primary duties did not change materially throughout his employment with Defendant.

20.     Indeed, Plaintiff had always been non-exempt and had been incorrectly classified as an independent contractor from the beginning of his employment with Defendant in 2001.

21.     Defendant knew from the beginning of Plaintiff's employment that Plaintiff was an employee.

22.     Plaintiff was entitled to be paid overtime at time-and-one-half (1 ½) his regular rate of pay for any hours worked in excess of 40 hours in workweeks since the beginning of his employment (January 2001).

23.     Yet, Defendant - notwithstanding its knowledge that Plaintiff was an employee (not an independent contractor) and was entitled to overtime - never informed Plaintiff he was a non-exempt employee.

24.     Defendant failed even so much as to inform Plaintiff of the law (FLSA) regarding overtime.

25.     Defendant also failed to post the relevant provisions of these laws in a conspicuous location accessible to Plaintiff, or to advise Plaintiff of the law through training or correspondence.

26. Defendant's knowing failure to post or otherwise advise Plaintiff of his rights - and its knowledge Plaintiff had always been a non-exempt employee - means at a minimum the 3-year statute of limitations under the FLSA applies.

27. The failure to post or otherwise advise Plaintiff of his rights means no statute of limitations applies to claims going back to 2001.

28. Plaintiff regularly worked overtime.

29. On average, Plaintiff worked at least 15 hours of overtime each week.

30. Some, but not all, of these overtime hours were recorded.

31. Some hours were <u>not</u> recorded because, for example, Defendant automatically deducted 30 minutes each day from paid work time regardless of whether Plaintiff took a lunch break.

32. In fact, Plaintiff regularly continued to work through the lunch break.

33. Notwithstanding the fact that Plaintiff was an employee (not an independent contractor), was paid an hourly rate and worked overtime, Plaintiff has not been paid overtime at time-and-one-half the regular rate of pay for all the hours worked in excess of 40 hours in workweeks from April 2011(3-year statute of limitations under the FLSA) through February 2014, or since 2001.

34. Management was aware of the overtime hours Plaintiff was working and not paid for.

35.     Management knew this from personal observation of Plaintiff's work routine.

36.     Moreover, management purposefully prevented Plaintiff from being paid for the overtime
        Defendant knew Plaintiff was working by not permitting Plaintiff to record this time.

37.     The failure to pay Plaintiff overtime at time-and-one-half the regular rate of pay for all time
        worked in excess of 40 hours in workweeks since April 2011, or since 2001, is a violation of
        the FLSA.

38.     The failure to notify Plaintiff of his rights under the FLSA - by posting, correspondence,
        training or any other method - means there is no statute of limitations: Plaintiff is entitled
        to unpaid overtime since 2001.

39.     Plaintiff is seeking lost wages; liquidated damages; attorney's fees; and, costs for the
        violations of the FLSA.

## COUNT I:  FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME

40.     Plaintiff hereby incorporates Paragraphs 1 through 39 of his Complaint as though the
        same were more fully set forth at length herein.

41.     Plaintiff was an employee of Defendant, not an independent contractor, within the meaning
        of the FLSA.

42.     Plaintiff was paid an hourly rate.

43.     Plaintiff was non-exempt.

44.     Plaintiff was entitled to overtime at a rate of time-and-one-half the regular rate of pay for
        hours worked in excess of 40 hours in workweeks since at least April 2011, or since 2001.

45.     However, Defendant has failed to pay overtime at time-and-one-half the regular rate of pay
        to Plaintiff for hours worked in excess of 40 hours in workweeks since at least April 2011,
        or since 2001.

46.     Defendant has also failed to maintain accurate time records.

47.     Defendant's failure to pay overtime, and failure to maintain accurate time records, is
        knowing and willful.

48.     Defendant's failure to pay overtime and failure to maintain accurate time records is a
        violation of the FLSA.

49.     Defendant has knowingly and intentionally violated the FLSA since at least April 2011, or
        since 2001.

## PRAYER FOR RELIEF

50.     WHEREFORE, Plaintiff respectfully requests that this Court:

        A.      Grant a permanent injunction enjoining Defendant, its officers, successors, and
                assigns and all persons in active concert or participation with them from engaging
                in unlawful employment actions or practices which violate the FLSA.

        B.      Order Defendant to make Plaintiff whole by paying appropriate back pay (including

overtime wages due) with prejudgment interest, in amounts to be proven at trial, liquidated damages and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

C.      Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

D.      Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
First & Market Building
Suite 1010
100 First Avenue
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763
FAX (412) 281-8481

   s/John R. Linkosky
John R. Linkosky, Esquire
PA ID No. 66011
715 Washington Avenue
Carnegie, PA  15106-4107
linklaw@comcast.net
(412) 278-1280 / (412) 278-1282 FAX

Counsel for Plaintiff
David W. Johnson

Dated: April 8, 2014